**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL WASTE & RECYCLING ASSOCIATION,<br>1550 Crystal Drive, Suite 804<br>Arlington, VA 22202<br><br>Plaintiff<br><br>v.<br><br>LEE M. ZELDIN, in his official capacity as Administrator,<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Ave., N.W.<br>Washington, D.C. 20460<br><br>Defendant. | Civil Action No. 1:26-cv-03398<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This case seeks to end EPA's unlawful and unreasonable delay in completing a reconsideration proceeding that the Agency itself granted more than nine years ago. In 2016, EPA promulgated new source performance standards and emission guidelines for municipal solid waste landfills under Section 111 of the Clean Air Act, 42 U.S.C. § 7411. *See* Standards of Performance for Municipal Solid Waste Landfills, 81 Fed. Reg. 59,332 (Aug. 29, 2016); Emission Guidelines and Compliance Times for Municipal Solid Waste Landfills, 81 Fed. Reg. 59,276 (Aug. 29, 2016) (referred to collectively as the "2016 Landfill Rules" or "Landfill Rules"). Plaintiff filed petitions for review in the United States Court of Appeals for the District of Columbia Circuit challenging EPA's promulgation of the Landfill Rules and simultaneously submitted to EPA a Petition for Reconsideration, Rulemaking, and Administrative Stay of the Landfill Rules. In 2017, EPA granted Plaintiff's petition for reconsideration under Section 307(d)(7)(B), 42 U.S.C. §

7607(d)(7)(B), and committed to initiate notice-and-comment rulemaking on the issues it agreed warranted further review. Following EPA's grant of reconsideration, the D.C. Circuit held Plaintiff’s petitions for review in abeyance pending completion of the reconsideration proceeding. EPA has not yet initiated the rulemaking it committed to in 2017.

2. EPA’s failure to act is not a matter of ordinary administrative pacing. For nearly a decade, the Agency has left unresolved rules that impose significant compliance obligations on municipal solid waste landfills while simultaneously keeping Plaintiff’s judicial challenges in abeyance pending completion of reconsideration. When an agency grants reconsideration and convenes a proceeding directed toward final agency action, it must complete that proceeding within a reasonable time. *See* 42 U.S.C. § 7607(d)(7)(B); *Pub. Citizen Health Research Grp. v. Comm’r, Food & Drug Admin.*, 724 F. Supp. 1013, 1020 (D.D.C. 1989). EPA’s inaction has deprived Plaintiff and its members of the process EPA was required to provide, the final agency action necessary for meaningful judicial review under Section 307(b), 42 U.S.C. § 7607(b), and the regulatory certainty that lawful administration of the Clean Air Act demands.

3. Section 304 of the Clean Air Act authorizes this Court to compel EPA action that has been unreasonably delayed. 42 U.S.C. § 7604(a). To remedy EPA’s failure to comply with its statutory obligations, Plaintiff seeks declaratory and injunctive relief compelling EPA to complete reconsideration of the 2016 Landfill Rules on an expeditious schedule set by the Court; and end the continuing legal prejudice caused by the Agency’s prolonged failure to discharge its Clean Air Act obligations.

**JURISDICTION, VENUE, AND NOTICE**

4. This action arises under the Clean Air Act. 42 U.S.C. §§ 7604(a), 7607(d)(7)(B).

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1361 and 42 U.S.C. § 7604(a).

6. Venue is proper in this Court under 42 U.S.C. § 7604(a) because the unreasonably delayed action would be reviewable within this circuit under 42 U.S.C. § 7607(b).

7. By certified mail postmarked February 25, 2026, Plaintiff provided notice of this action to the Administrator, as required under 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.1-54.3. A copy of Plaintiff's notice of intent letter is attached as Exhibit 1.

8. More than 180 days have passed since Plaintiff provided notice, satisfying the notice requirement for this unreasonable delay claim. 42 U.S.C. § 7604(a).

**PARTIES**

9. Plaintiff National Waste & Recycling Association ("NWRA") is a trade association that represents private-sector waste and recycling companies in the United States, as well as manufacturers and service providers who do business with those companies. NWRA's members operate in all 50 states and the District of Columbia. NWRA provides leadership, education, research, advocacy, and safety expertise to promote North American waste and recycling industries, serve as their voice, and create a climate where members prosper and provide safe, economically sustainable, and environmentally sound services.

10. Defendant Lee M. Zeldin is the Administrator of EPA. In that capacity, he is responsible for carrying out EPA's duties under the Clean Air Act. *See* 42 U.S.C. § 7601.

**LEGAL FRAMEWORK**

11. Section 111 of the Clean Air Act requires EPA to list categories of stationary sources that, in the Administrator's judgment, cause or contribute significantly to air pollution that

may reasonably be anticipated to endanger public health or welfare. 42 U.S.C. § 7411(b)(1)(A).[1] EPA has authority to define the scope of source categories, determine the pollutants for which standards should be developed, set the emission level of the standards, and distinguish among classes, types, and sizes within categories in establishing standards. 42 U.S.C. § 7411(b).

12. After listing a source category under Section 111, EPA must issue standards of performance for new, modified, and reconstructed sources in that category. These standards are commonly referred to as new source performance standards, or NSPS. For certain source categories and pollutants, EPA also implements Section 111 for existing sources through emission guidelines issued under Section 111(d), which establish requirements for states to submit plans regulating existing sources in the listed category.

13. Section 111 defines a "standard of performance" as a standard that reflects the degree of emission limitation achievable through application of the best system of emission reduction that the Administrator determines has been adequately demonstrated, taking into account cost, non-air quality health and environmental impacts, and energy requirements.

14. Section 307(d)(7)(B) provides that, where a person raises an objection to a final rule and satisfies the statutory criteria, EPA must convene a proceeding for reconsideration and provide the same procedural rights that would have been afforded had the information been available when the rule was proposed. 42 U.S.C. § 7607(d)(7)(B).

15. Once EPA grants reconsideration and convenes a reconsideration proceeding, EPA has a duty to complete that proceeding within a reasonable time. *See* 42 U.S.C. § 7607(d)(7)(B); *Pub. Citizen Health Research Grp.*, 724 F. Supp. at 1020.

---

[1] EPA "lists" the source category by adding it to the priority list in 40 C.F.R. § 60.16.

16. Section 111(b)(1)(B) of the Clean Air Act further requires the Administrator to review and, if appropriate, revise the NSPS at least every eight years. 42 U.S.C. § 7411(b)(1)(B).

17. Section 304(a) authorizes any person to bring suit against EPA where there is alleged a failure of EPA to perform a nondiscretionary act or duty or where EPA has unreasonably delayed agency action. 42 U.S.C. § 7604(a).

**FACTS**

18. On March 12, 1996, EPA added municipal solid waste landfills to the priority list in 40 C.F.R. § 60.16 because, in the Administrator's judgment, the source category contributes significantly to air pollution that may reasonably be anticipated to endanger public health and welfare. In the same notice, EPA promulgated NSPS for new, modified, and reconstructed landfills under Section 111(b) and emission guidelines for existing landfills under Section 111(d). *See* 40 C.F.R. Part 60, Subparts WWW and Cc.

19. At that time, EPA determined that the Best System of Emission Reduction for municipal solid waste landfills was a well-designed and well-operated landfill-gas collection and control system with a control device capable of reducing nonmethane organic compounds by 98 percent by weight. *See* 61 Fed. Reg. 9,905, 9,907 (Mar. 12, 1996).

20. On August 29, 2016, EPA promulgated the Landfill Rules as Subpart XXX, Standards of Performance for Municipal Solid Waste Landfills, 81 Fed. Reg. 59,332, and Subpart Cf, Emission Guidelines and Compliance Times for Municipal Solid Waste Landfills, 81 Fed. Reg. 59,276.

21. The 2016 Landfill Rules updated the prior federal rules governing municipal solid waste landfills, including 40 C.F.R. Part 60, Subparts WWW and Cc.

22. On October 27, 2016, Plaintiff filed petitions for judicial review of the 2016 Landfill Rules in the United States Court of Appeals for the District of Columbia Circuit. *See* Petitions for Review, Case Nos. 16-1371 and 16-1372 (D.C. Cir. Oct. 27, 2016).

23. At the same time, Plaintiff submitted to EPA a Petition for Reconsideration, Rulemaking, and Administrative Stay of the 2016 Landfill Rules. See Ex. 1 (Notice of Intent to Sue), at Ex. A.

24. By letter dated May 5, 2017, the Administrator granted Plaintiff's petition and "conven[ed] a proceeding for reconsideration of the following topics: 1) tier 4 surface emission monitoring; 2) annual liquids reporting; 3) corrective action timeline procedures; 4) overlapping applicability with other rules; 5) the definition of cover penetration and 6) design plan approval." A copy of EPA's May 5, 2017 letter granting reconsideration is attached Ex. 1 (Notice of Intent to Sue), at Ex. B.

25. EPA stated that, as part of the reconsideration process, it would prepare a notice of proposed rulemaking providing an opportunity for comment on those topics and any other matter that EPA concluded could benefit from additional comment. *See id*.

26. In light of EPA's grant of reconsideration, the D.C. Circuit placed the judicial challenges to the 2016 Landfill Rules in abeyance while EPA completed the reconsideration proceedings. Orders, *Nat'l Waste & Recycling Ass'n v. EPA*, Nos. 16-1371 & 16-1372 (D.C. Cir. June 14, 2017).

27. On April 17, 2018, the D.C. Circuit ordered the cases to remain in abeyance pending further order of the Court, directed EPA to file status reports at 90-day intervals, and directed the parties to file motions to govern further proceedings within 30 days of EPA's

completion of the reconsideration proceedings. Orders, *Nat'l Waste & Recycling Ass'n*, Nos. 16-1371 & 16-1372 (D.C. Cir. Apr. 17, 2018).

28. More than nine years since granting reconsideration, EPA has not completed the reconsideration proceeding, issued a notice of proposed rulemaking, or taken final action on reconsideration.

29. For several years, EPA reported to the D.C. Circuit that it was continuing to develop the notice of proposed rulemaking referenced in the May 5, 2017 grant of reconsideration. More recently, however, EPA has reported only that it is continuing to assess the topics for which it convened reconsideration proceedings, and EPA's August 11, 2026 status reports suggest that competing administrative requirements and other priorities may further delay completion of the reconsideration process. EPA Status Reports at 3, *Nat'l Waste & Recycling Ass'n*, Nos. 16-1371 & 16-1372 (D.C. Cir. Aug. 11, 2026).

30. EPA's retreat from its original commitment is reflected in the progressive weakening of its status reports to the D.C. Circuit. For approximately three years after granting reconsideration, EPA reported that it was "continuing to develop the notice of proposed rulemaking referenced in the EPA Administrator's May 5, 2017 letter." EPA Status Reports at 3, Nat'l Waste & Recycling Ass'n, Nos. 16-1371 & 16-1372 (D.C. Cir. Oct. 20, 2021). Beginning in January 2022, however, EPA retreated to stating merely that it was "continuing to assess the topics for which EPA convened reconsideration proceedings in the Administrator's May 2017 letter"—identical language that EPA repeated in every subsequent status report through November 2025. EPA Status Reports at 3, Nat'l Waste & Recycling Ass'n, Nos. 16-1371 & 16-1372 (D.C. Cir. Jan. 18, 2022).

31. Moreover, in October 2024, EPA opened a non-regulatory docket to gather information regarding potential new rulemaking for municipal solid waste landfills, suggesting that the Agency is contemplating an entirely separate proceeding rather than completing the reconsideration it granted in 2017. EPA's pursuit of parallel but distinct regulatory activities further underscores that, absent judicial intervention, EPA is unlikely to ever complete the reconsideration proceeding.

32. EPA's delay has persisted for more than nine years, during which the Plaintiff's judicial challenges have remained in abeyance, and Plaintiff has been deprived of timely judicial review.

33. EPA's delay is so prolonged that the eight-year review cycle mandated by Section 111(b)(1)(B) of the Clean Air Act has elapsed since the 2016 Landfill Rules were promulgated. The statutory deadline for reviewing and revising the NSPS passed in August 2024, yet EPA has neither completed the pending reconsideration nor commenced the next statutorily required review. This additional lapse confirms that EPA has unreasonably delayed.

**ALLEGATIONS OF INJURY**

34. Plaintiff has members that own and operate municipal solid waste landfills subject to the 2016 Landfill Rules, including landfills subject to the provisions for which EPA granted reconsideration in May 2017.

35. EPA's delay forces Plaintiff's members to comply with requirements that remain subject to EPA's granted reconsideration and that Plaintiff contends are inconsistent with the Clean Air Act, unsupported by the rulemaking record, or otherwise warrant revision.

36. Plaintiff's members that own and operate municipal solid waste landfills incur compliance obligations, compliance costs, operational burdens, planning burdens, and regulatory

uncertainty arising from the 2016 Landfill Rules and EPA's failure to complete the reconsideration proceeding that EPA convened in response to Plaintiff's Petition for Reconsideration.

37. EPA's delay deprives Plaintiff and its members of the opportunity to participate in the reconsideration proceeding EPA convened and prevents them from obtaining final agency action subject to judicial review. EPA's delay also frustrates Plaintiff's ability to obtain timely judicial review under Section 307(b), 42 U.S.C. § 7607(b), because the D.C. Circuit proceedings remain in abeyance pending completion of reconsideration.

38. These injuries are fairly traceable to EPA's unreasonable delay and would be redressed by an order compelling EPA to complete reconsideration according to an expeditious schedule.

39. Failure to grant relief in this case would condone a strategy that allows EPA to use reconsideration as a shield to indefinitely avoid judicial review of its actions.

**CLAIM FOR RELIEF**

40. The allegations of all foregoing paragraphs are incorporated as if fully set forth herein.

41. The Administrator granted reconsideration of the 2016 Landfill Rules pursuant to Section 307(d)(7)(B) of the Clean Air Act, 42 U.S.C. § 7607(d)(7)(B).

42. The Administrator has failed to complete the reconsideration proceeding and issue a new final rule or other final agency action on reconsideration within a reasonable time.

43. The Administrator's ongoing failure to complete reconsideration and issue a new or other final action on reconsideration, as required by Section 307(d)(7)(B), constitutes agency action unreasonably delayed within the meaning of Section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a).

44. Each day the Administrator fails to complete reconsideration, Defendant commits continuing violations of EPA's duties under the Clean Air Act.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

(1) Declare that EPA's failure to complete reconsideration of the 2016 Landfill Rules and issue new final rules or other final action on reconsideration constitutes "agency action unreasonably delayed" within the meaning of Section 304(a) of the Clean Air Act;

(2) Order the Defendant EPA Administrator to complete reconsideration of the 2016 Landfill Rules by issuing new final rules or other final agency action on reconsideration after providing the procedural rights required by Section 307(d)(7)(B) according to an expeditious deadline set by this Court not to exceed one year from the date of the Court's order;

(3) Retain jurisdiction to ensure compliance with its decree;

(4) Award Plaintiff its costs of litigation, including reasonable attorney fees; and

(5) Grant such other relief as the Court deems just and proper.

DATED: September 29, 2026

Respectfully submitted,

*<u>/s/ Matthew W. Morrison</u>*
Matthew W. Morrison
Mark C. Talty
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
Phone: 202-639-7780
matthew.morrison@bakerbotts.com
mark.talty@bakerbotts.com